Lanning M. Trueb, ABA No. 8911083
JOHNSON BEARD & TRUEB, PC
330 L Street
Anchorage, Alaska 99501
Phone:      907.277.0161
Facsimile:  907.277.0164
Lmtrueb@msn.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT AT ANCHORAGE

| | |
|---|---|
| ISMAEL SEERY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> F/V REMACK, O.N. 613148 and her ) <br> engine, machinery, tackle, gear, appurtenances, ) <br> apparel, furniture and equipment, *in rem*. ) <br> ) <br> Defendant. ) <br> ) | **VERIFIED COMPLAINT *IN REM*** <br> **FOR MARITIME PERSONAL** <br> **INJURY DAMAGES** <br><br><br><br><br><br> Case No.:_____ |

**ACTION UNDER SPECIAL RULE FOR SEAMEN TO SUE
WITHOUT SECURITY AND PREPAYMENT OF COSTS
(28 U.S.C. § 1916)**

Plaintiff Ismael Seery, (herein "plaintiff"), through his attorneys Johnson Beard and Trueb, PC, alleges the following against Defendant:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears. This is an admiralty and maritime claim within the meaning of Fed. R. Civ. P. 9(h). This action is against the vessel, *in rem*, on which plaintiff worked at the time of his injury. All the *in rem* claims herein arise under the general maritime law, give rise to a preferred maritime lien, and are triable only on the admiralty side of this

Verified Complaint *In Rem*
*SEERY vs. F/V REMACK*                                                                          Page 1 of 6

Case 3:20-cv-00167-SLG   Document 1   Filed 07/10/20   Page 1 of 6

Honorable Court without jury.  For the reasons noted more fully below, both jurisdiction and venue are appropriate before this Court.

2. Plaintiff is a citizen of the United States of America.

3. Plaintiff, a seaman, was injured while in the service of and while working aboard a vessel, the F/V REMACK, while the vessel was dry-docked for repairs in port at Port Moller, Alaska.

4. During all times herein mentioned, Noah M. Graham-Miller and Bear River Fisheries, LLC were plaintiff's employers.

5. On information and belief, Noah M. Graham-Miller and Bear River Fisheries, LLC were the co-owners and/or owners *pro hac vice* and/or operators and/or charterers and/or controllers of the F/V REMACK, O.N. 613148.

6. The *in rem* defendant F/V REMACK is now and/or will, during the pendency of process hereinafter, be within this district and the jurisdiction of this Court.

7. This Court has both subject matter and personal jurisdiction over all of plaintiff's claims.

8. Plaintiff's injuries occurred on July 14, 2017.  Per 46 U.S.C. § 30106, plaintiff's claims are timely filed.

## **CLAIM FOR UNSEAWORTHINESS**

9. Plaintiff hereby realleges and incorporates paragraphs 1-8.

10. On or before July 14, 2017, plaintiff was engaged as a seaman employed as a crew member and working aboard the F/V REMACK.

11. A vessel owner owes a duty to its crew to provide a vessel, including its appurtenances that is fit for its intended use.  A breach of this duty gives rise to a preferred maritime lien against the vessel *in rem.*

Verified Complaint *In Rem*
*SEERY vs. F/V REMACK*   Page 2 of 6

Case 3:20-cv-00167-SLG   Document 1   Filed 07/10/20   Page 2 of 6

12. On July 14, 2017, and while plaintiff was performing his duties aboard the F/V REMACK, and as a direct and proximate result of the unseaworthiness of the F/V REMACK, plaintiff incurred severe injuries to his back, shoulders, neck, ribs, head, as well as injuries to other body parts when he was working onboard the deck, and through no fault of his own, fell backwards approximately 15 feet or more onto concrete or other hard surface. Plaintiff's fall and resulting injuries were due to various unseaworthy conditions aboard the F/V REMACK, including without limit, the lack of adequate fall-prevention mechanisms, such as proper railings, safety nets, the lack of adequate safety procedures and/or adequately trained crew, and/or other reasons found during the pendency of this matter.

13. As a direct and proximate result of said unseaworthiness as herein alleged, plaintiff was caused to suffer injuries to his back, neck, shoulders, head, ribs and other body parts.

14. As a direct and proximate cause of the above-described injuries, plaintiff was and is prevented from, and may in the future be prevented from, completely pursuing his regular occupation, and has suffered both past and future loss of income; as well as past and future pain and suffering, loss of enjoyment of life, physical disability, emotional and mental injury, reasonable and necessary medical expenses, and other general and special damages all in a sum in excess of One Million Dollars ($1,000,000.00), to be proven more definitely at trial in this matter.

**CLAIMS FOR MAINTENANCE, CURE & UNEARNED WAGES**

15. Plaintiff hereby realleges and incorporates Paragraphs 1-14.

Verified Complaint *In Rem*
*SEERY vs. F/V REMACK*  Page 3 of 6
Case 3:20-cv-00167-SLG   Document 1   Filed 07/10/20   Page 3 of 6

16. A vessel owner owes all seamen who become ill or injured while in the service of their vessel the no-fault maritime obligations of maintenance, cure and unearned wages.

17. The vessel owner's obligation to pay maintenance, cure and unearned wages is the most pervasive of all the obligations owed a seaman.

18. The owner of the F/V REMACK failed to pay plaintiff all the maintenance, cure and unearned wages owed plaintiff; and therefore, was and is in breach of its no-fault maritime injury obligations.

19. Plaintiff's rights and claims to maintenance, cure and unearned wages give rise to a preferred maritime lien against the *in rem* defendant, the F/V REMACK.

20. In failing or refusing to provide prompt maintenance and cure owed, vessel owner acted intentionally, willfully, wantonly or with a conscious disregard for the rights and well-being of plaintiff or with a willful and wanton disregard of its obligations under the law of maintenance and cure. Consequently, plaintiff is entitled to an award of punitive damages against Defendant.

21. As a further legal result of vessel owner's refusal and/or failure to pay for medical care or maintenance and cure, plaintiff is entitled to recover prejudgment interest on all damages awarded on this Claim.

22. Plaintiff also claims herein all future maintenance, cure and unearned wages to which he is entitled, all in an amount to be determined at trial.

**WHEREFORE, PREMISES CONSIDERED,** plaintiff prays this Court to hear his just cause of action, and that this Court require the defendant *in rem* to answer his just cause of action, and that he be awarded judgment against the *in rem* defendant as follows:

Verified Complaint *In Rem*
*SEERY vs. F/V REMACK*  Page 4 of 6

Case 3:20-cv-00167-SLG   Document 1   Filed 07/10/20   Page 4 of 6

1. That plaintiff be awarded maintenance, cure and unearned wages against the *in rem* defendant in an amount to be more fully determined at trial in this matter;

2. That plaintiff be awarded compensatory damages, general damages, special damages and any other damages allowable under the general maritime law against the *in rem* defendant in a sum in excess of One Million Dollars ($1,000,000.00), in an amount to be more fully determined at trial in this matter; and,

3. That plaintiff be adjudged a holder of a personal, preferred maritime lien against the vessel; and that the defendant F/V REMACK be held to answer to an *in rem* judgement, with all available *in rem* procedures.

DATED: July 10, 2020

JOHNSON BEARD & TRUEB, PC
Attorneys for Plaintiff

/s/ *Lanning M. Trueb*
Lanning M. Trueb, ABA No. 8911083

Verified Complaint *In Rem*
*SEERY vs. F/V REMACK*
Page 5 of 6

Case 3:20-cv-00167-SLG   Document 1   Filed 07/10/20   Page 5 of 6

**VERIFICATION**

William L. Banning, deposes and says: Per the provisions of LAR (e)-3(b), that he is the attorney for Plaintiff and makes this verification on his behalf; that he has read the above and foregoing Complaint *in rem*, knows the contents thereof, and the same is true to the best of his knowledge, information and belief, based upon the information furnished to him by Plaintiff. William L. Banning makes this Verification per Plaintiff's authority, and for the reason that while Plaintiff has reviewed the substance of this Complaint, he is unable to sign the verification at this time because he ill and unable to sign and return the Verification. Plaintiff will provide his own Verification in the next two weeks or as soon as he is of good health and mind and able to sign and have notarized his verification.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

/s/ William L. Banning
William L. Banning